**SUPERIOR IRONWORKS, INC., Appellant,**

v.

**ROLL FORM PRODUCTS, INC., Appellee.**

No. 01-89-00642-CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 10, 1990.

Ronald J. Waska, Houston, for appellant.

Kay J. Hazelwood, Houston, for appellee.

Before COHEN, DUNN and WARREN, JJ.

OPINION

WARREN, Justice.

This is an appeal from a summary judgment granted appellee, Roll Form Products, Inc. ("Roll Form"). Roll Form sued appellant, Superior Ironworks, Inc. ("Superior") for failure to pay on an account.

Roll Form moved for summary judgment, alleging that it sold Superior merchandise, including steel decking, in March 1985, in consideration of Superior's promise to pay the purchase price. At Superior's request, Roll Form delivered the goods to the Ridgecrest Retirement Center job site. Superior failed and refused to pay the balance due of $5,664.92 for the merchandise supplied. Roll Form had earlier filed a suit on a sworn account seeking accrued inter-

est on the amount due, post-judgment interest, and $3,000.00 in attorney's fees.

Superior filed its response to the motion for summary judgment, alleging that its third amended original answer properly denied the action on a sworn account, and that there were genuine issues of material fact.

The summary judgment was granted, and the trial court signed an interlocutory judgment that Roll Form recover $5,664.92, together with interest at the rate of 6% on the sum of $5,581.20. The court later severed this action from claims against other defendants in the case, making the summary judgment final. In addition, the trial court granted Roll Form $3,000.00 in attorney's fees for services rendered, and pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 38.004 (Vernon 1986), the further sum of $3,000.00 in the event of an appeal to the court of appeals, and the further sum of $2,000.00 in the event of an appeal to the supreme court.

In Superior's third point of error, it argues that the trial court erred in entering an interlocutory judgment, because the judgment does not conform with the pleadings or the evidence submitted.

■ Superior urges that the interlocutory judgment awarded attorney's fees in excess of the $3,000.00 requested in Roll Form's motion for summary judgment, the affidavit of the attorney, and its first amended original petition. Superior states that the award was not supported by the evidence, or authorized by the statute. First, we should note that a prayer in a petition for reasonable attorney's fees is sufficient to authorize an award of fees for services in a higher court. *Ledisco Fin. Serv., Inc. v. Viracola*, 533 S.W.2d 951, 958 (Tex.Civ.App.—Texarkana 1976, no writ). Thus, Roll Form's failure to specifically request attorney's fees for services in the appellate court would not prevent the court from authorizing such an award.

■ Furthermore, a person may recover reasonable attorney's fees if the claim is for services rendered. TEX.CIV.PRAC. & REM.CODE ANN. § 38.001(1) (Vernon 1986).

A court may take judicial notice of the usual and customary attorney's fees and of the contents of the file without receiving evidence on the matter. TEX.CIV.PRAC. & REM.CODE ANN. § 38.004(1) (Vernon 1986). In *Ho v. Wolf*, 688 S.W.2d 693, 697–98 (Tex.App.—Amarillo 1985, no writ), the court held that the trial court's exercise of its statutory discretion to judicially notice usual and customary attorney's fees applicable to the contents of the case file was sufficient for the court to make a determination of appropriate attorney's fees award even if no other evidence is offered. *See also Flint & Assoc. v. Intercontinental Pipe & Steel*, 739 S.W.2d 622, 626 (Tex.App.—Dallas 1987, writ denied) (court may determine reasonable attorney's fees based on its knowledge of usual and customary rates and review of its own file, even if no other evidence is offered). Thus, it was in the court's discretion to award attorney's fees in the event of an appeal even though no evidence was offered on this matter.

We overrule appellant's third point of error. We affirm the judgment of the trial court.

The discussion of the remaining points of error does not meet the criteria for publication. TEX.R.APP.P. 90, and is thus ordered not published.