The LONG TRUSTS, Appellants,

v.

ATLANTIC RICHFIELD COMPANY,
Appellee.

No. 06–94–00087–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Dec. 1, 1994.

Decided Jan. 12, 1995.

Rehearing Overruled Feb. 14, 1995.

F. Franklin Honea, Payne & Vendig, Dallas, Mike A. Hatchell, Ramey & Flock, Tyler, for appellants.

Rex A. Nichols, Longview, Bryant Boren, Jr., Baker & Botts, Dallas, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

The Long Trusts appeal from the trial court's order awarding attorney's fees to Atlantic Richfield Company.

This case has a long history. It originated with several disputes among The Long Trusts, Atlantic Richfield Company (ARCO), B & A Pipeline Company, and Ensearch, Inc. The disputes included various claims for debt and alleged breaches of contract involving the parties' rights and obligations under six joint operating agreements governing the development of several gas units in Rusk County.

At the original jury trial the parties agreed to have the court decide the attorney's fee issues. All issues were disposed of in the court's final judgment dated December 18, 1991. This Court affirmed that judgment in all respects except the failure to award attorney's fees to ARCO. We held that ARCO was entitled to recover its attorney's fees, and we remanded that portion of the cause to the trial court to determine the proper amount of those fees. *Atlantic Richfield Co. v. Long Trusts,* 860 S.W.2d 439 (Tex.App.— Texarkana 1993, writ denied). After remand of that portion of the case, ARCO filed a motion for judgment for attorney's fees, attaching to its motion a copy of some testimony on reasonable fees that was given at the original trial. The Trusts filed a response and opposition to ARCO's motion for judgment, and the trial court held a hearing on March 30, 1994. No evidence was offered at the hearing, but ARCO asked the court to take judicial notice that $304,000.00 was a reasonable amount for its attorney's fees. The court granted ARCO's motion and rendered judgment for the attorney's fees in the amount of $303,759.00.

On appeal the Trusts present eight complaints, most of which are based on their argument that the trial court erred in awarding attorney's fees without taking evidence at the March 30, 1994 hearing.

A party may recover reasonable attorney's fees on a contract claim, TEX.CIV.PRAC. & REM.CODE ANN. § 38.001(8) (Vernon 1986), and the court may presume that the usual and customary charges for the work performed are reasonable. The presumption may be rebutted. TEX.CIV.PRAC. & REM.CODE ANN. § 38.003 (Vernon 1986). In a jury case where the parties agree to submit the amount of attorney's fees to the court, as they did here, the court may take judicial notice of the usual and customary fees and of the contents of the case file and set the fees based on such judicial notice without receiving further evidence. TEX.CIV.PRAC. & REM. CODE ANN. § 38.004(2) (Vernon 1986). The statute permitting that procedure is to be

liberally construed to promote its underlying purposes. TEX.CIV.PRAC. & REM.CODE ANN. § 38.005 (Vernon 1986).

■ In the absence of other evidence supporting an award of attorney's fees, the reviewing court will presume that the trial court took judicial notice of the usual and customary fees and of the contents of the case file in determining the amount of attorney's fees awarded. *Bloom v. Bloom*, 767 S.W.2d 463, 471 (Tex.App.—San Antonio 1989, writ denied); *Flint & Associates v. Intercontinental Pipe & Steel*, 739 S.W.2d 622 (Tex.App.—Dallas 1987, writ denied). Judicial notice of the usual and customary fees constitutes some evidence on which the trial court may base an award. *Coward v. Gateway Nat'l Bank of Beaumont*, 525 S.W.2d 857 (Tex.1975); *Superior Ironworks v. Roll Form Products*, 789 S.W.2d 430 (Tex.App.—Houston [1st Dist.] 1990, no writ).

■ A reviewing court will not overturn a trial court's allowance of attorney's fees unless the award constitutes a clear abuse of discretion. *Ross v. 3D Tower Ltd.*, 824 S.W.2d 270, 273 (Tex.App.—Houston [14th Dist.] 1992, writ denied). The test for whether the trial court abused its discretion is whether it acted without reference to any guiding rules and principles, that is, whether the court's action was arbitrary or unreasonable. *Griggs v. Capital Machine Works, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

■ The trial court here did not act without reference to guiding rules and principles. It took judicial notice of the contents of the case file and the usual and customary attorney's fees, which are presumed to be reasonable. It exercised its discretion in setting the fees, and it acted within the plain language of the statutes in Chapter 38 of the Civil Practice & Remedies Code.

The Trusts, however, argue that the evidence was legally and factually insufficient to support the award of attorney's fees because there was no evidence adduced at the March 30 hearing. They also argue that, because we severed the claim for attorney's fees from the main action when we remanded it, and because the statement of facts in the main action has remained in this Court, the trial court had no case file available to judicially notice and, for that additional reason, there was no evidence to support the award. They also contend that, even if the court could take judicial notice of the statement of facts and the file of the original trial, there was no testimony or other evidence in those papers that supported the amount of attorney's fees that should be awarded or the manner in which they should be apportioned among the claims involved in the original suit.

■ Most of the Trusts' arguments are based on their premise that there must have been some sort of evidentiary hearing on remand and some evidence produced at that hearing to support the attorney's fee award. The statutes and the case law, however, do not require that. Taking judicial notice of the case file and of the usual and customary fees constitutes some evidence, *Bloom v. Bloom, supra*, and no further evidence is needed. *Superior Ironworks v. Roll Form Products, supra*. The trial court can also apportion attorney's fees by judicial notice. *See Flint & Associates v. Intercontinental Pipe & Steel, supra*.

■ The Trusts argue that the trial court erred in awarding and apportioning attorney's fees because the testimony about fees from the original trial constituted inadmissible hearsay at the hearing on remand. We disagree. The evidence was not hearsay. It was part of the case file, of which the court took judicial notice. Evidence that is judicially noticed does not constitute hearsay.

■ We also disagree with the Trusts' contention that, because we severed the issue of attorney's fees and there was no testimony at the hearing on remand, there was no case record or testimony in this case for the trial court to judicially notice. When the statute speaks of the contents of the "case file," it means the file of the case for which the attorney's fees were incurred and in which the issue of attorney's fees was first joined, that is, the original trial. The trial court here had the record of that trial available to it, even though some of that record may have still been physically located in another court.

Moreover, while that part of the case we severed and affirmed is now considered a

separate case with a final judgment, the part we remanded remained a part of the original case. The testimony and record of that original case also remained as the testimony and the record as far as the remanded portion is concerned. Therefore, the trial court properly considered the testimony and other matters in the case file.

■ The Trusts also argue that the court erred in refusing to let them present evidence on the attorney's fees issue at the hearing on remand. We overrule this contention.

This Court reversed the failure to award ARCO attorney's fees because of the trial court's legal error in refusing to award them, not because there was insufficient evidence to sustain them. Since the reversal was because of a legal error rather than because of evidentiary insufficiency, the remand did not require a factual retrial of the issue, but only a determination by the court of the proper fees based on the evidence adduced at the original trial and a consideration of the case file. Thus, the Trusts were not entitled to present new evidence at the hearing on remand. The issue was to be decided on the evidence and records that were before the court at the original trial. If the Trusts desired to put on additional evidence regarding the proper amount of attorney's fees, they should have done so at the original trial when the issue was first joined.

■ The Trusts also challenge the award as being excessive and supported by insufficient evidence in the case file. Although because the matter had been submitted by agreement to the trial court it was not necessary for ARCO to present testimony at the original trial on the amount of reasonable attorney's fees, ARCO did present such testimony. That testimony dealt with the complexity of the case, with the time spent on it, with reasonable charges, and with the particular claims to which the work applied. That testimony, a copy of which was attached to ARCO's motion for judgment on the remand hearing, is sufficient to support the court's award, and we do not find the amount set by the court to be excessive or to constitute an abuse of the trial court's discretion.

■ ARCO in a cross-point complains that the Trusts took this appeal for delay and without sufficient cause, and it asks us to award damages as sanctions. Where the reviewing court determines that the appellant has taken the appeal for delay and without sufficient cause, it may award the appellee up to ten times the total taxable costs as damages. TEX.R.APP.P. 84. An appellant's right of review will not be penalized unless there is a clear showing that he had no reasonable ground to believe that the judgment would be reversed. *Beago v. Ceres,* 619 S.W.2d 293, 295 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). If the argument on appeal, even if it fails to convince the court, has a reasonable basis in law and constitutes an informed, good-faith challenge to the trial court's judgment, Rule 84 damages are not appropriate. *General Electric Credit Corp. v. Midland Central Appraisal Dist.,* 826 S.W.2d 124, 125 (Tex.1991). Considering the entire record and all of the circumstances, we do not conclude that this appeal was taken for delay or without sufficient cause, and we therefore decline to assess damages.

For the reasons stated, the judgment of the trial court is affirmed.