# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===============
## NO. 03-00-00743-CV
===============


**Janice Suzanne Allen, Appellant**

**v.**

**Hutchison Construction, Inc., Appellee**


======================================================================
**FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY**
**NO. 241,970, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING**
======================================================================


Appellant Janice Suzanne Allen (Allen) and appellee Hutchison Construction, Inc. (Hutchison) entered into a contract for the construction of a wall surrounding Allen's property. After the wall was substantially completed, the City of Austin "red-tagged" the structure for failure to adhere to the City's building codes and ordered any further construction to cease. As a result of the City's actions, a dispute ensued between the two parties over who had been responsible for obtaining the relevant permit or variance to construct the wall. Ultimately, Allen sued Hutchison for negligence, negligent misrepresentation, breach of contract, and violation of the Deceptive Trade Practices Act. Hutchison counterclaimed, alleging breach of contract. The case was tried to the bench, and the trial court found in favor of Hutchison, awarding $10,815 in actual damages, plus pre- and post-judgment interest and attorney's fees. We find the evidence legally and factually sufficient to support the trial court's judgment and affirm.

## BACKGROUND

Allen is an artist who lives on property located on Two Coves Road. Allen and her neighbors had been engaged in an unrelated dispute. In an effort to shield her artwork from her neighbors' view, Allen sought to have a wall constructed along her property line. Allen also interviewed contractors to construct an art studio on her property.

On November 17, 1997, after meeting with representatives from Hutchison, Allen engaged Hutchison to construct the wall, but not the studio. Before entering into the contract, Allen met with Hutchison representatives on several occasions to discuss the height of the proposed wall. Hutchison agreed to construct a ten-foot wall, and Allen indicated that she would provide topsoil so that Hutchison could landscape the wall. During these meetings, Hutchison also inquired as to whether Allen's property was located within the city limits of Austin. The parties dispute the specific inquiries made by Hutchison and the response provided by Allen. Hutchison maintains that Allen was specifically asked whether her property was located within the city limits and that Allen replied that she recently had her house built on the same property and "had no inspections or anything," suggesting to Hutchison that the property was not within the city's jurisdiction and that no permit was necessary for the construction of the wall. Allen, on the other hand, testified during the trial that Hutchison only inquired as to who had inspected her home when it was built, and she informed Hutchison that the City had inspected it. In any event, no permit was sought or obtained by either party. Following the meetings, Hutchison drafted the plans and began construction soon after the contract was signed.

Construction of the wall initially progressed as planned, and Hutchison intermittently submitted invoices to Allen for work performed, which Allen paid. During the course of the project, Hutchison submitted two change orders to modify the project. The first change order extended the length of the wall and deleted the rip-rap work. The second change order deleted the landscaping work and reduced the price accordingly because Allen had not supplied the topsoil by the time the wall was completed. Allen never signed this second change order.

On January 21, 1998, shortly after Hutchison left the second change order at Allen's house for her signature, a City of Austin building inspector "red-tagged" the wall for failure to comply with the City's building codes, requiring all remaining work to cease. Hutchison sent a final invoice for the balance due for the work actually completed, but Allen refused to pay. According to her testimony at trial, Allen unsuccessfully attempted to obtain a variance and a permit from the City. Allen ultimately hired other contractors to reduce the height of the wall in order to comply with the City's building codes.

Allen then sued Hutchison, asserting damages in an amount equal to the expenses incurred in attempting to obtain a variance or a permit from the City and the cost of reducing the height of the wall. Hutchison counterclaimed, alleging breach of contract. Hutchison argued that by the time the wall was red-tagged, the project was substantially completed, and Allen breached the contract by failing to pay Hutchison for that work. The trial court found in favor of Hutchison and awarded damages in the amount of the value of the work performed minus the amount that Allen had already paid. Allen requested findings of fact and conclusions of law, which the trial court filed. In those findings and conclusions, the trial court concluded that although ordinarily the contractor bears

3

the burden of obtaining a permit for residential construction, in this case, Hutchison was justified in relying on Allen's representation that the property was not within the city's jurisdiction and was therefore excused from its duty to obtain a permit. The court further concluded that Hutchison acted as a reasonably prudent contractor in investigating whether a building permit was necessary and in determining that the project did not require a City building permit. By five issues, Allen appeals the judgment of the trial court.

## DISCUSSION

**Standard of Review**

Allen generally challenges the legal and factual sufficiency of the evidence to support the trial court's findings of fact and conclusions of law and the judgment. Findings of fact in a case tried to the court have the same force and effect as a jury verdict. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991); *Westech Eng'g, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 195 (Tex. App.—Austin 1992, no writ). Findings of fact are reviewed for factual and legal sufficiency under the same standards applied in reviewing evidence supporting a jury's finding. *Anderson*, 806 S.W.2d at 794; *Stable Energy, L.P. v. Newberry*, 999 S.W.2d 538, 546 (Tex. App.—Austin 1999, pet. denied). However, a court's conclusions of law are accorded de novo review. *Asai v. Vanco Insulation Abatement, Inc.*, 932 S.W.2d 118, 121 (Tex. App.—El Paso 1996, no writ).

In considering a legal sufficiency point, we consider only the evidence or inferences from the evidence favorable to the decision of the trier of fact and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). If the appellant did

4

not have the burden of proof on the challenged finding, the appellant must show that no evidence supports the adverse finding; the challenge fails if more than a scintilla of evidence supports the finding. *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995); *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex. 1987). The evidence supporting a finding amounts to more than a scintilla if reasonable and fair-minded people could differ in their conclusions. *Crye*, 907 S.W.2d at 499. The appellant must go one step further when attacking an adverse finding on which she had the burden of proof; she must also show that the evidence conclusively established all vital facts in support of the issue. *Smith v. Central Freight Lines, Inc.*, 774 S.W.2d 411, 412 (Tex. App.—Houston [14th Dist.] 1989, writ denied). Thus, if there is no evidence to support the trial court's finding, we must examine the entire record to determine if the contrary proposition was established as a matter of law. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). A party establishes a proposition as a matter of law if reasonable minds would not differ in drawing the same conclusion. *Stable Energy, L.P. v. Kachina Oil & Gas, Inc.*, 52 S.W.3d 327, 331 (Tex. App.—Austin 2001, no pet.).

When reviewing a factual sufficiency challenge, we must assess all the evidence and may not substitute our judgment for that of the trier of fact. When the challenge is to a finding on which the prevailing party had the burden of proof, we may reverse the judgment only if the challenged finding shocks the conscience or clearly shows bias, or if the favorable evidence is so weak as to make the judgment clearly wrong and manifestly unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). If the challenge is to an adverse finding, or failure to find, on which the appellant had the burden of proof, we may reverse only if the failure to find is so contrary to the overwhelming weight and preponderance of the

evidence as to be clearly wrong and manifestly unjust. *Ames v. Ames*, 776 S.W.2d 154, 158 (Tex. 1989); *Cropper v. Caterpillar Tractor Co.*, 754 S.W.2d 646, 651 (Tex. 1988).

**Allen's Negligence Claim**

By her first three issues, Allen challenges the legal and factual sufficiency of the evidence to support three of the trial court's adverse findings for which she did not carry the burden of proof:

3. Allen represented to Hutchison Construction that her house located on Lot 24, Westcliff Section 1-A, a/k/a 8103 Two Coves Road, Austin, Texas, was not in the City of Austin's jurisdictional territory and that no building permits or governmental inspections had been required for the construction of that house.

4. Allen further represented to Hutchison Construction that a City of Austin building permit was not required for the Project.

5. Hutchison Construction relied on Allen's representations that her house was not in the City of Austin's jurisdictional territory, that no building permits or governmental inspections were required for the construction of that house, that the Project property was not in the City of Austin's jurisdictional territory, and that a City of Austin building permit was not required for the Project.

Because there is insufficient evidence to support these findings, Allen argues, the trial court incorrectly concluded that Hutchison was justified in relying on Allen's representations and was therefore excused from obtaining the required permits or variances.

Even if we were to hold that the evidence is insufficient to support Hutchison's affirmative defense of excuse or justification, Allen's negligence claim still fails. To sustain a negligence action, the plaintiff must produce evidence of a legal duty owed by the defendant to the

6

plaintiff, a breach of that duty, and damages proximately caused by that breach. *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex. 1998). Allen did not prove each of these elements of negligence.

Allen argued before the trial court that Hutchison had a duty to determine whether the project undertaken would require a permit or variance from the City. According to Allen, Hutchison breached this duty. In support of her claim, Allen presented the expert testimony of David Kettler, a residential remodeling contractor. Kettler testified that *generally*, a contractor is responsible for obtaining any necessary permits. Kettler also outlined the series of steps that, in his expert opinion, a reasonably prudent contractor should pursue before beginning a project: first, the contractor should interview the home owner; second, the contractor should contact the Travis County Appraisal District to verify the owner's name and property address; and third, the contractor should go to the City and look up the property on a city map. When Kettler performed these steps, he was able to determine that although Allen's property was not within the city limits, it was within the City's limited purpose jurisdiction and was subject to the City's building codes. On cross-examination, Kettler agreed with defense counsel that he could cite no authority for his proposed steps as the only acceptable means of satisfying a contractor's duty regarding applicable permits. Kettler also testified that even though "it was close," it was evident that Allen's property was within the City's limited purpose jurisdiction.

In response, Hutchison presented its own expert witness, Jim Wittliff, a land development consultant. Wittliff testified that determining whether a piece of property is within a city's limited purpose jurisdiction is complicated.

Hutchison also called Fraser Gorrell, the representative who met with Allen before she contracted with Hutchison. Gorrell testified that he is familiar with the permitting process and the

7

City's building codes. He further stated that he asked Allen whether her property was "in the city." Allen answered no, adding that she "just built a house over here and I had no inspections or anything. I'm not in the city." Gorrell "took that as a first round of not believing she's in the city." Next, Gorrell testified that he went to the county courthouse and checked the records and maps of plots. When his efforts at the courthouse proved fruitless, Gorrell then called the City of Austin's permitting office. The person with whom Gorrell spoke informed him that the address he provided could not be located in the City of Austin. At that point, Gorrell thought Allen must have been correct that the property was not located within the city limits, although it appeared to be "awful close." Finally, Gorrell and Keith Hutchison, the owner of Hutchison Construction, Inc., requested a plot from Allen. Allen produced a legal description of her property; according to Gorrell, there was no indication on the description that the property was within the City of Austin.

In its findings of fact and conclusions of law, the trial court included the following findings:

6. At the time of Hutchison Construction and Allen's Project negotiations and thereafter, Hutchison Construction took reasonable steps to determine whether property was located in the City of Austin and whether a City of Austin building permit would be required for construction projects on such property.

7. Despite Allen's representations, Hutchison Construction undertook its own investigation concerning whether any City of Austin building permits would be required for the Project, including inquiring with the City of Austin about whether the Project property was located in the City of Austin, whether the address for the Project property was identified in the City of Austin records, and whether the Project property was listed on any official City of Austin maps as being within the City of Austin's jurisdictional territory.

The court then concluded:

8

4.  Hutchison Construction acted as a reasonably prudent contractor by not obtaining a City of Austin building permit for the Project.

5.  Hutchison Construction acted as a reasonably prudent contractor by investigating whether the Project property was located in the City of Austin and whether a City of Austin building permit would be required for the Project.

6.  Hutchison Construction acted as a reasonably prudent contractor by determining, based on its independent investigation, that the Project property did not require a City of Austin building permit.

Ultimately, the issue came down to credibility, as both parties presented conflicting testimony. It was within the trial court's discretion to resolve the conflicts. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986). We conclude that Gorrell's testimony regarding the investigation he undertook to determine whether the project was subject to city regulations, coupled with Allen's representations that previous construction on her property required no inspections by the City, was both legally and factually sufficient to support the trial court's findings. These findings demonstrate that Allen failed to prove her claim of negligence.

By her third issue, Allen argues that "even if there is sufficient evidence that Allen represented her property was not located in the city of Austin, this evidence does not support the legal conclusion that Hutchison was excused from its duty to obtain a building permit for Allen." Having concluded that Allen failed to establish all of the elements necessary to prevail on her negligence claim, it is irrelevant whether Hutchison presented sufficient evidence to establish its affirmative defenses. We overrule Allen's first three issues.

**Allen's Breach of Contract Claim**

9

By her fourth issue, Allen challenges the legal and factual sufficiency of the evidence to support the conclusion that Hutchison did not breach its contract with Allen.[1]  Allen argues that Hutchison breached its contract by failing to adhere to the following industry customs:  (1) performing the necessary research to determine whether the construction project was subject to City regulations and (2) obtaining the necessary permits.  According to Allen, industry customs dictate that the contractor bears the burden of obtaining all permits necessary for residential construction,[2] and industry customs are incorporated into contracts by implication.  In this case, however, Hutchison did not simply fail to obtain the necessary permits.  Rather, upon conducting an investigation that the trial court determined was reasonably prudent, Hutchison concluded that a permit was unnecessary.  Moreover, Hutchison's investigation included an interview with Allen, during which Allen suggested that no permit was necessary for the construction of the wall.  We hold that this evidence is both legally and factually sufficient to support the conclusion that Hutchison adhered to industry customs and performed under the contract.  We overrule Allen's fourth issue.

**Attorney's Fees**

By her final issue, Allen asserts that there is no evidence or insufficient evidence to support an award of attorney's fees.  She argues that the record is devoid of evidence to support the

---

[1]  Allen also challenges the trial court's conclusion that Hutchison did not act negligently in determining whether a permit was required to build on Allen's property.  Because we have already addressed this issue in response to Allen's first and second issues, we do not address it again here.

[2]  Allen cites no authority for this proposition.  During the trial, however, Allen's expert witness, David Kettler, testified that it is generally the contractor's responsibility to obtain any necessary permits.  Similarly, the trial court concluded:  "The custom of the construction trade dictates that the contractor ordinarily bears the burden of obtaining a permit for residential construction."

10

trial court's findings regarding the attorney's fees Hutchison is entitled to recover on appeal.[3]

Although Hutchison provided evidence regarding reasonable attorney's fees for work performed up until the time of trial, Hutchison presented no evidence regarding attorney's fees in the event of an appeal. Section 38.004 of the civil practice and remedies code, however, provides that the trial court may take judicial notice "of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence." Tex. Civ. Prac. & Rem. Code Ann. § 38.004 (West 1997). And section 38.005 of the code provides that the chapter addressing attorney's fees shall be liberally construed. *Id.* § 38.005 (West 1997). In this case, it is apparent that the trial court took judicial notice of the usual and customary attorney's fees and of the contents of the case file. During Hutchison's counsel's presentation of evidence regarding attorney's fees, the trial court questioned counsel about the reasonableness of his requested fees. Ultimately, the trial court substantially reduced the attorney's fees requested by Hutchison. The trial court's exercise of its discretion to take judicial notice of usual and customary attorney's fees and of the contents of the case file constitute some evidence to support the trial court's award of attorney's fees, including appellate attorney's fees. *See Gill Sav. Ass'n v. Chair King, Inc.*, 797 S.W.2d 31, 32 (Tex. 1990); *Superior Ironworks, Inc. v. Roll Form Prods., Inc.*, 789 S.W.2d 430, 431 (Tex. App.—Houston [1st Dist.] 1990, no writ). Accordingly, we overrule Allen's fifth issue.

## CONCLUSION

---

[3] Allen also argues that Hutchison is not entitled to attorney's fees because Allen should not have been found liable for breach of contract, but rather Hutchison should have been found liable to Allen. Because we hold that the trial court did not abuse its discretion in rendering judgment for Hutchison, we do not address the issue of Allen's entitlement to attorney's fees.

11

Having overruled all of appellant's issues, we affirm the trial court's judgment.

_____

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed:   February 28, 2002

Do Not Publish