

# IN THE
# TENTH COURT OF APPEALS

No. 10-17-00337-CV

VINSON CORROSION CONTROL SERVICES, INC.
AND NATHAN D. VINSON,

Appellants

v.

WALKER COUNTY, TEXAS,

Appellee

From the 12th District Court
Walker County, Texas
Trial Court No. 12-25998

## MEMORANDUM OPINION

In two issues, appellants, Vinson Corrosion Control Services, Inc. and Nathan D.

Vinson (collectively, "Vinson"), challenge a declaratory judgment granted in favor of

appellee, Walker County, Texas. Because we overrule both of Vinson's issues on appeal,

we affirm the judgment of the trial court.

# I. ATTORNEY'S FEES

In its first issue, Vinson asserts that the trial court erred by awarding Walker County attorney's fees because the trial court lacked jurisdiction to do so. Vinson also alleges that Walker County's general prayer for relief for attorney's fees was not specific enough to entitle it to an award of attorney's fees.

At the outset, we address Vinson's contention that Walker County's request for attorney's fees was not specific enough. Section 37.009 of the Civil Practice and Remedies Code provides that: "In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2015). In a declaratory-judgment action, such as this, the trial court may award either side costs and reasonable attorney's fees as are equitable and just. *See Arthur M. Deck & Assocs. v. Crispin*, 888 S.W.2d 56, 62 (Tex. App.—Houston [1st Dist. 1994, writ denied); *see also Zurita v. Svh-1 Partners, Ltd.*, No. 03-10-00650-CV, 2011 Tex. App. LEXIS 9670, at *24 (Tex. App.—Austin Dec. 8, 2011, pet. denied) (mem. op.).

It is undisputed that Vinson invoked Chapter 37 of the Civil Practice and Remedies Code and sought a declaratory judgment with regard to ownership over a disputed roadway. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001-.011 (West 2015). Thus, the trial court was authorized to award attorney's fees to any party with pleadings requesting them. *See Purvis Oil Corp. v. Hillin*, 890 S.W.2d 931, 939 (Tex. App.—El Paso 1994, no writ)

(concluding that a party moving for attorney's fees in a declaratory-judgment action need not specify statutory authority for an award of attorney's fees so long as that party has pleaded for attorney's fees).

As noted above, Vinson complains that Walker County's generic prayer in its live answer was not specific enough to authorize attorney's fees. "'There is no particular type of pleading required by the [UDJA].'" *Wells Fargo, N.A. v. Murphy*, 458 S.W.3d 912, 916 (Tex. 2015) (quoting *First Am. Title Ins. Co. of Tex. v. Willard*, 949 S.W.2d 342, 352 (Tex. App.—Tyler 1997, writ denied)). A review of the record shows that, in its original answer and in each subsequent amended answer, Walker County specifically requested the following: "Defendant prays the Court, after notice and hearing or trial, enter judgment in favor of Defendant, award Defendant the costs of court, attorney's fees, and such other and further relief as Defendant may be entitled to in law or in equity." Vinson did not file special exceptions, challenging the specificity of Walker County's request for attorney's fees. Because no special exceptions were filed and sustained, we construe Walker County's request for attorney's fees liberally and in Walker County's favor. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000). Under this liberal construction, we conclude that Walker County sufficiently requested attorney's fees by its general request for attorney's fees in the prayer of its live answer. *See Superior Ironworks, Inc. v. Roll Form Prods., Inc.*, 789 S.W.2d 430, 431 (Tex. App.—Houston [1st Dist.] 1990, no writ) (noting that a general prayer for attorney's fees is sufficient to authorize an

award of appellate fees); *Nolte v. Flournoy*, 348 S.W.3d 262, 270 n.3 (Tex. App.—Texarkana 2011, pet. denied) ("A party is also not required to request attorney's fees with specificity to be eligible for an award under the Declaratory Judgments Act, so long as a general request for attorney's fees exists."); *see also Zurita*, 2011 Tex. App. LEXIS 9670, at **24-25.

Next, we address Vinson's argument that the trial court lacked jurisdiction to award attorney's fees. Texas courts have held that, despite dismissing a claim for declaratory relief for lack of jurisdiction, the trial court retains the power and authority to award attorney's fees under Chapter 37. *See Devon Energy Prod. Co. v. KCS Res., LLC*, 450 S.W.3d 203, 218-23 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *Feldman v. KPMG, LLP*, 438 S.W.3d 678, 685-86 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *see also Zurita*, 2011 Tex. App. LEXIS 9670, at **25-26. Accordingly, because this was a proceeding under Chapter 37, and because the trial court's conclusion that it lacked jurisdiction to render the requested declarations did not change the nature of the proceeding, we cannot say that the trial court abused its discretion by awarding Walker County attorney's fees pursuant to section 37.009. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009; *Bocquet v. Herring*, 972 S.W.2d 19, 20-21 (Tex. 1998) (noting that we review an award of attorney's fees under Chapter 37 for abuse of discretion); *Devon Energy Prod. Co.*, 450 S.W.3d at 218-23; *Feldman*, 438 S.W.3d at 685-86; *see also Zurita*, 2011 Tex. App. LEXIS 9670, at **25-26. We overrule Vinson's first issue.

## II.    IMMUNITY

In its second issue, Vinson contends that the trial court erred in finding that it lacked subject-matter jurisdiction based on sovereign or governmental immunity because Walker County waived immunity by asserting an affirmative claim for attorney's fees. We disagree.

Sovereign immunity protects the State and various divisions of State government from lawsuits for money damages. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). In *Reata Construction Corporation v. City of Dallas*, the Texas Supreme Court recognized that certain actions taken by governmental entities could affect their immunity. 197 S.W.3d 371, 375 (Tex. 2006). Specifically, "if the governmental entity injects itself into or chooses to engage in litigation to assert affirmative claims for monetary damages, the entity will presumably have made a decision to expend resources to pay litigation costs." *Id.* In such an instance, the governmental entity has decided to "leave its sphere of immunity from suit for claims against it which are germane to, connected with and properly defensive to claims the [governmental entity] asserts." *Id.* at 377. Therefore, "[o]nce it asserts affirmative claims for monetary recovery, the [governmental entity] must participate in the litigation process as an ordinary litigant, save for the limitation that the [entity] continues to have immunity from affirmative

damage claims against it for monetary relief exceeding amounts necessary to offset the

entity's claims." *Id.*

> Since *Reata*, several courts of appeals have examined whether a defendant-
> governmental entity's request for attorney's fees waives immunity. Most
> have held that it does not. *See, e.g., Edwards Aquifer Auth. v. Horton*, No. 04-
> 09-00375-CV, 2010 Tex. App. LEXIS 736, at *6-7 (Tex. App.—San Antonio
> Feb. 3, 2010, pet. denied) ("We join several of our sister courts . . . in holding
> that the assertion of a claim for attorney's fees in defending a lawsuit is not
> the assertion of a claim for monetary relief under the holding in *Reata* . . . .";
> *City of Dallas v. VRC LLC*, 260 S.W.3d 60, 64 (Tex. App.—Dallas 2008, no
> pet.) (holding that City's request for attorney's fees in defending a
> constitutional takings suit did not waive immunity under *Reata*); *Lamesa
> Indep. Sch. Dist. v. Booe*, 251 S.W.3d 831 S.W.3d 833 (Tex. App.—Eastland
> 2008, no pet.) (holding that school district's request for attorney's fees did
> not constitute a waiver of immunity under Education Code, also relying on
> *Reata*); *Harris County Toll Rd. Auth. v. Sw. Bell Tel., L.P.*, 263 S.W.3d 48, 65
> (Tex. App.—Houston [1st Dist.] 2006) (holding that County did not waive
> immunity by seeking attorney's fees in an inverse condemnation suit), *aff'd
> on other grounds*, 282 S.W.3d 59 (Tex. 2009). *But see Powell v. Tex. Dep't of
> Criminal Justice*, 251 S.W.3d 783, 791-92 (Tex. App.—Corpus Christi 2008,
> pet. filed) (holding that the Department's request for attorney's fees waived
> immunity).
>
> In this case, McBride, not the Department, filed suit. In its answer,
> the Department denied McBride's allegations and prayed for attorney's fees
> and costs incurred in defending the case. Other than fees and costs, the
> Department asserted no claims for relief. Unlike *Reata*, in which the City
> injected itself into the litigation process and sought damages, the
> Department's request for attorney's fees was purely defensive in nature,
> unconnected to any claim for monetary relief. When that is the case, a
> request for attorney's fees incurred in defending a claim does not waive
> immunity under *Reata*, and the court of appeals incorrectly held otherwise.

*Tex. Dep't of Criminal Justice v. McBride*, 317 S.W.3d 731, 732-33 (Tex. 2010).

Here, Vinson, not Walker County, filed suit. And like the Department in *McBride*,

Walker County denied Vinson's allegations and prayed for attorney's fees and costs

incurred in defending the case. *Id.* at 733. Moreover, Walker County did not assert any claims for relief; rather, Walker County's request for attorney's fees and costs was purely defensive and unconnected to any claim for monetary relief. Therefore, in light of *McBride*, we cannot say that Walker County waived immunity by requesting attorney's fees and costs incurred in defending the case. *See id.* Accordingly, we overrule Vinson's second issue.

## III.  CONCLUSION

Having overruled both of Vinson's issues on appeal, we affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed September 26, 2018
[CV06]

