J. R. AND KATE M. JOHNSON, EXECUTORS, ETC., V.
GEORGE HALLEY ET AL.

No. 1898.

1. **Appeal—Waiver of Right to.**—An agreement whereby, in consideration of plaintiff's staying execution and order of sale on his judgment, defendant waives his right to appeal or take the case up on writ of error, is valid and binding; and a writ of error sued out in violation of such agreement will be dismissed on motion of the opposite party, and a showing of the facts.

2. **Same—Independent Executor.**—The rule is held to apply as against independent executors in this case; but whether it applies to ordinary executors is not decided.

ERROR from Tarrant.    Tried below before HON. W. D. HARRIS.

*Ross, Chapman & Ross,* for the motion to dismiss.

*Kearby & Muse,* contra.

HEAD, ASSOCIATE JUSTICE.—The judgment sought to be revised in this proceeding was rendered in the court below on February 13, 1893. On the 13th of May, 1893, the parties herein entered into a written agreement, which, among other things, provides as follows:

"Now, therefore, in consideration of the covenants herein contained to be performed by said parties of the second part, and of the sum of one dollar by them in hand paid to said parties of the first part, the receipt whereof is hereby acknowledged, the said parties of the first part (defendants in error) hereby agree to stay execution and order of sale on said judgment until the 1st day of January, A. D. 1894. In consideration of said stay of execution and order of sale, said parties of the second part (plaintiffs in error) hereby waive their right to appeal said cause or take the same up on writ of error, and hereby agree that the said judgment as rendered by said court shall forever be final and binding on them."

In violation of this agreement, the petition for writ of error in this case was filed herein by plaintiffs in error on the 22nd day of January, 1894, for which defendants in error move to dismiss this cause. We are of opinion that this motion should be sustained.

We believe it may be said to be the universal practice of appellate courts to dismiss appeals and writs of error pending therein upon the filing of a stipulation by the parties, agreeing that this may be done; and this practice obtains, although some of the parties to such agreements may be executors or administrators, litigating in their official capacity. That the agreement in this case was entered into before the filing of the petition for writ of error, we believe should not vary the practice above indicated.

In Elliott's Appellate Procedure, section 152, it is said: "If the defendant should agree not to prosecute the appeal, and in considera-

tion of such an agreement the creditor should abate part of the recovery, extend the time of payment, or do some other act of similar character, then the right of appeal would be waived, since the controversy would be terminated."

This we believe to be a correct statement of the law; and we see no good reason why parties should not be allowed, upon sufficient consideration, to waive their right of appeal after the judgment has been rendered and before the record has been filed, as well as after the jurisdiction of this court has attached. If it be contended, that because plaintiffs in error are litigating in a representative capacity they have no right to bind their testate's estate by such an agreement, it must be replied that, in support of this motion, it is made to appear that they in fact are independent executors, and as such have full power to act in the premises as other litigants. We do not, however, wish by this to be understood as intimating that ordinary executors would not have power to make agreements of this kind. As to this we need not decide.

The writ of error in this case will be dismissed.

*Writ of error dismissed.*