**In The Matter of the MARRIAGE OF Fredye Mac LONG (Thornburg) and Lynn Thomas Thornburg, Jr., and Lynn Thomas Thornburg, Jr., Trustee of the 1996 Thornburg Family Trust.**

No. 06–96–00104–CV.

Court of Appeals of Texas,
Texarkana.

Submitted March 27, 1997.

Decided March 28, 1997.

Rehearing Overruled April 29, 1997.

Demaris Hart, Texarkana, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

OPINION

GRANT, Justice.

Lynn Thomas Thornburg has filed a pro-se appeal in this court from a turnover order directing the disposition of property in connection with his divorce from Fredye Mac Long–Lynch. A turnover order is a final, appealable judgment. TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (Vernon 1986 & Supp. 1997); *Burns v. Miller, Hiersche, Martens & Hayward, P.C.,* 909 S.W.2d 505 (Tex.1995); *Schultz v. Fifth Judicial Dist. Court of Appeals,* 810 S.W.2d 738 (Tex.1991).

Before reaching the other issues, we must examine Lynch's contention that this appeal should be dismissed because it violates an agreement between the parties. Her argument is based upon an "Agreed Final Settlement, Release and Order" signed by the parties and their attorneys, also signed by the trial judge on November 7, 1996, and filed of record on November 8, 1996. In that agreement each dismissed all of their respective claims against the other (with certain exceptions not relevant to this case). It also states that each party agrees to waive all rights to appeal from "any existing order," which would include the order of turnover from which this appeal is taken. (The order also serves as a permanent injunction and enjoins both parties from filing any legal action against the other or assisting any other party in filing such actions.)

The order is facially in compliance with the requirements of TEX.R. CIV. P. 11. It is in writing, signed, and filed with the papers as part of the record. Thornburg contends that the agreement is unenforceable and void because Lynch's attorney contacted him demanding additional money before the agreement was filed with the court. He argues that she thereby rescinded the agreement, and that he had at that time agreed that it should be rescinded.

Lynn Thomas Thornburg, Jr., Simms, pro se.

A party may revoke its consent to a settlement agreement at any time before an agreed judgment is rendered on the agreement. *S & A Restaurant Corp. v. Leal,* 892 S.W.2d 855, 857 (Tex.1995); *Quintero v. Jim Walter Homes, Inc.,* 654 S.W.2d 442, 444 (Tex.1983). An agreed judgment based upon a settlement agreement that is rendered after one of the parties revokes his consent to the settlement is void. *Samples Exterminators v. Samples,* 640 S.W.2d 873, 875 (Tex.1982).

This case, however, does not involve an attack upon an agreed judgment, but instead involves a signed agreement between the parties. The rationale controlling an agreed judgment does not apply to situations involving a properly signed agreement between the parties pursuant to Rule 11. *Padilla v. LaFrance,* 907 S.W.2d 454, 461 (Tex.1995). Such an agreement, when signed, is binding even if a party attempts to withdraw consent before the agreement is filed in compliance with Rule 11. *Id.* There is no written document in the record signed by both parties seeking to withdraw the settlement agreement. Lynch could not orally withdraw consent, and she both signed and filed the agreement in the court records. Thornburg agreed to the terms of the agreement. Thus, in the context of this appeal from the turnover order, we must conclude that its terms are binding on the parties.

Thornburg also argues that the agreement has no force or effect because it was filed more than fourteen days after the pronouncement of the agreement in open court, in violation of local rule 3.434. The local rules have not been made a part of the appellate record; thus we have nothing to review.

By the terms of this contract, Thornburg agreed not to appeal any existing order of the court. The right to appellate review may be waived by agreement. *Johnson v. Halley,* 8 Tex.Civ.App. 137, 27 S.W. 750 (1894, writ ref'd).[1] Since he has expressly agreed not to appeal from the orders in

question in this appeal, we have no option but to bind him to the terms of his agreement.

We have carried with this case a motion filed by Lynch asking this court to hold Thornburg in contempt, enforcing contempt provisions of the settlement agreement and requesting frivolous appeal sanctions under TEX.R.APP. P. 84. The portion of the motion asking this court to enforce the provisions of a contract is a matter for the trial court and relief is denied.

In reviewing a request for damages for a frivolous appeal, Rule 84 requires this court to ask first whether the appeal was brought "for delay and without sufficient cause." TEX. R. APP. P. 84. The focus of this test is whether appellant had a reasonable expectation of reversal or whether he merely pursued the appeal in bad faith. An appellant's right of review will not be penalized unless there is a clear showing that he had no reasonable ground to believe that the judgment would be reversed. *Long Trusts v. Atlantic Richfield Co.,* 893 S.W.2d 686, 689 (Tex.App.-Texarkana 1995, no writ). If the argument on appeal, even if it fails to convince the court, has a reasonable basis in law and constitutes an informed, good-faith challenge to the trial court's judgment, Rule 84 damages are not appropriate. *General Electric Credit Corp. v. Midland Central Appraisal Dist.,* 826 S.W.2d 124, 125 (Tex.1991).

We have no doubt, considering the time and effort spent by Thornburg on this appeal, that he subjectively expected to prevail in his appeal. As stated in our opinion, Thornburg had entered into a binding agreement not to appeal this matter, and his expectation to prevail must be decided on the basis of objective legal expectations. To hold otherwise would be to reward Thornburg for failing to get legal advice and failing to evaluate his allegations properly in the light of binding legal precedents. We find this appeal to be without sufficient cause.

---

1. This rule of law is more often applied in the context of arbitration. It is settled law that a common law arbitration agreement may provide that there is to be no right of appeal. *Aguilar v.* *Abraham,* 588 S.W.2d 599 (Tex.Civ.App.-El Paso 1979, writ ref'd n.r.e.); *Ferguson v. Ferguson,* 93 S.W.2d 513 (Tex.Civ.App.-Eastland 1936, writ dism'd).

Rule 84, however, requires not only that the appeal be taken without sufficient cause, but that it be done for the purposes of delay. This court has previously held that sanctions can be invoked when there is an attempt further to delay the resolution of the dispute and the completion of the litigation. The facts of this case convince us that Thornburg is intent upon continuing litigation against his ex-spouse despite an unequivocal agreement to cease such action and terminate this continuing litigation. We believe that this type of delay justifies sanctions on appeal, and we award Lynch sanctions in the amount of 4.5 times the court costs. *Goad v. Goad,* 768 S.W.2d 356, 359–60 (Tex.App.-Texarkana 1989), *cert. denied,* 493 U.S. 1021, 110 S.Ct. 722, 107 L.Ed.2d 742 (1990).

The appeal is dismissed.