**Sandra G. HALE, Appellant,**

v.

**HOSPICE AT THE TEXAS MEDICAL CENTER, Michelle Lonergan, Linda Stevenson, Diane D. Rath, Ron Lehman, and T.P. O'Mahoney, Appellees.**

**No. 09-02-010 CV.**

Court of Appeals of Texas, Beaumont.

Submitted Jan. 2, 2003.

Decided Jan. 16, 2003.

---

Sandra G. Hale, Dayton, pro se.

John Cornyn, Atty. Gen., Anthony Aterno, Asst. Atty. Gen., Austin, Shadow Sloan, Merritt B. Chastain III, Vinson & Elkins, LLP, Houston, for appellees.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DON BURGESS, Justice.

Sandra G. Hale appeals the trial court's judgment affirming the decision of the Texas Workforce Commission ("TWC") to deny Hale's claim for unemployment benefits.

Hale filed this lawsuit seeking a de novo review of the TWC's decision. The trial court proceedings were recorded electronically, and, on appeal, the tapes were forwarded to this Court. However, Hale never filed an appendix containing a transcription of all portions of the recording she considered relevant to her appellate issues as required by Rule 38.5 of the Texas Rules of Appellate Procedure.[1] *See* TEX.R.APP. P. 38.5(a)(1). The clerk of this court informed Hale that her brief did not comply with the rules of appellate procedure and further informed Hale she had until September 16, 2002, to file an amended brief complying with the rules.

On September 19, 2002, Hale filed an affidavit of indigence, but no amended brief. Subsequently, this Court deter-

---

1. Under Rule 38.5 the form of the appendix and transcription must conform to any specifications of the Supreme Court and Court of Criminal Appeals concerning the form of the reporter's record, except that it need not have the reporter's certificate. *See* TEX.R.APP. P. 38.5(a)(3).

mined that Hale had not established her indigence in the time and manner required by the Texas Rules of Appellate Procedure. *See* TEX.R.APP. P. 20. And, implying that Hale's filing of an indigency affidavit constituted a motion to have a transcription of the recorder's record provided without cost to her, this Court denied that motion and determined that the appeal would be submitted on the brief previously filed by Hale.

Though Hale proceeds pro se, she is not excused from complying with applicable laws and procedural rules. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex.1978); *Ho v. University of Tex. at Arlington*, 984 S.W.2d 672, 679 (Tex.App.-Amarillo 1998, pet. denied).

Hale brings three issues. In issue one, she asserts the trial court's judgment is against the great weight of the evidence. In issue two, she maintains that the trial court "obtained judgment without procedures required by law, rule or regulations having been followed." In issue three, she contends the trial court abused its discretion or "otherwise was not in accordance with law."

 In the absence of a transcript, Hale cannot show what evidence was presented during the trial, and we, thus, must presume the evidence supported the judgment of the trial court. *See Hicks v. Western Funding, Inc.*, 809 S.W.2d 787, 788 (Tex.App.-Houston [1st Dist.] 1991, writ denied). A reviewing court may set aside the TWC's decision only if it was made without regard to the law or the facts and therefore was unreasonable, arbitrary or capricious. *See Hernandez v. Texas Workforce Com'n*, 18 S.W.3d 678, 681 (Tex.App.-San Antonio 2000, no pet.). The TWC's decision is presumed valid, and Hale had the burden to show that it was not supported by substantial evidence. *See New Boston General Hosp., Inc. v.*

*Texas Workforce Com'n*, 47 S.W.3d 34, 37 (Tex.App.-Texarkana 2001, no pet.).

Absent a transcript, Hale cannot meet her appellate burden. Her three issues are overruled. The trial court's judgment is affirmed.

Appellees ask that the appeal be labeled frivolous and that "just damages" be assessed against Hale pursuant to TEX. R.APP. P. 45. We decline to do so as we believe Hale's appeal, though procedurally defective, is a "good-faith challenge to the trial court's judgment." *See In re Long*, 946 S.W.2d 97, 99 (Tex.App.-Texarkana 1997, no writ). Appellees' request is denied.

AFFIRMED.