

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CQUENTIA SERIES HOLDINGS, LLC, | § | No. 08-20-00033-CV |
| Appellant, | § | Appeal from the |
| v. | § | 126th District Court |
| LUMINEX CORPORATION, | § | of Travis County, Texas |
| Appellee. | § | (TC# D-1-GN-19-003896) |

## **O P I N I O N**

What's in a settlement agreement? It depends on who you ask. This is an appeal of an Agreed Final Judgment entered by the trial court in a lawsuit where Appellee Luminex Corporation sued Appellant CQuentia Series Holdings, LLC for breach of a settlement agreement. Part of the settlement agreement, according to Appellee, was securing Appellant's signature on an agreed judgment so it could pursue perfection of said judgment in the event Appellant breached its payment obligations. When Appellant did not make the required payments, Appellee filed suit against it and sought entry of the Agreed Judgment, which it obtained. Appellant claims it withdrew consent to entry of the Agreed Judgment prior to its entry, and is, thus, void. Appellee claims, among other things, Appellant waived its right to appeal when it signed a supplement to the settlement agreement.

We agree with Appellee. The Agreed Final Judgment of the trial court is affirmed.

## BACKGROUND

There seem to be few, if any, disputed facts in this case. Appellee sued non-party Total Diagnostix Labs, LLC (hereafter, TDL) for a little less than $4.3 million pursuant to various contractual obligations between the two entities. TDL sought relief under Chapter 11 of the Bankruptcy Code, and Appellee filed a proof of claim in the bankruptcy proceeding for its alleged damages.

### *The Settlement and Release Agreement*

Appellant is an affiliate of TDL and participated at mediation in the bankruptcy proceeding with Appellee, TDL, and others. Appellant and Appellee entered into a Settlement and Release Agreement, which the TDL bankruptcy court approved. Pursuant to the terms of the Settlement and Release Agreement, Appellee agreed to withdraw its proof of claim against TDL upon receipt of $1.3 million from Appellant drawn on funds outside of the bankruptcy estate. The Settlement and Release Agreement included a section requiring any dispute regarding interpretation or enforcement of the agreement to first be mediated and, if necessary, subsequently filed in the bankruptcy court, if applicable, or federal or state courts in Tarrant County, Texas.

### *The Supplement, the Amendment, and the Agreed Judgment*

Shortly before Appellant's payment was due under the Settlement and Release Agreement, Appellant notified Appellee of its inability to make the payment. Appellee agreed to new payment terms in a supplement to the Settlement and Release Agreement (hereafter, the Supplement). In exchange for Appellee accepting a modified payment plan, Appellant agreed to sign an Agreed Final Judgment (hereafter, Agreed Judgment) for the amount owed, and pay interest on the unpaid balance.

The Supplement also provided for suspension of certain portions of the Settlement and Release Agreement during pendency of the Supplement. The parties dispute which terms were suspended. Pertinent to the issues on appeal, Appellant alleges the Settlement and Release Agreement's obligations regarding mediation and venue remained in effect, while Appellee alleges the terms of the Supplement suspended them.

Per the Supplement's payment terms, Appellant made the initial payment, but notified Appellee of its inability to make the second of three required payments. The parties executed an Amendment to the Supplement (hereafter, the Amendment) which modified the payment terms a second time and required payment of $5,000 in attorney's fees. The Amendment also required a personal guarantee by Appellant's manager.

*The Lawsuit*

Appellee never received payment from Appellant or its manager under the terms of the Amendment. Appellee filed suit against Appellant and its manager in Travis County to enter the Agreed Final Judgment signed by the parties which was styled for Travis County. The case was removed to the bankruptcy court and ultimately remanded back to state court in Travis County.

At approximately the same time that the bankruptcy court remanded the case back to the Travis County district court, the parties entered into a Rule 11 Agreement. The Rule 11 Agreement stated: "This letter will confirm our agreement that Defendants' deadline to file a motion to transfer venue and/or answer in the above-referenced lawsuit shall be 7 days after the Bankruptcy Court signs the Agreed Order on Motion to Remand." Appellant filed the Rule 11 Agreement on October 2, 2019, the same day the bankruptcy court signed the order remanding the case to the trial court.

After remand, Appellee amended its petition dropping the claims against the manager. The same day, October 3, 2019, it obtained entry of the Agreed Final Judgment by the trial court.

On October 9, 2019, Appellant filed its motion to transfer venue. Thereafter, on November 1, it filed a motion for new trial. In its motion for new trial, Appellant claimed it was entitled to a new trial because it did not consent to entry of the Agreed Judgment, and because the terms of the Settlement and Release Agreement required mediation of any dispute regarding its enforcement. Although the trial court heard both motions, it did not rule on either motion before its plenary power expired. Accordingly, both motions were overruled by law. *See* TEX.R.CIV.P. 329b(c). Appellant timely filed notice of its appeal.

## DISCUSSION

Appellant raises two issues on appeal:

1. Whether the trial court abused its discretion by denying Appellant's Motion for New Trial when:

(a) entry of the Agreed Final Judgment violated the court's duty to enforce the parties' Rule 11 Agreement, which granted Appellant additional time to file a motion to transfer venue and/or answer;

(b) Appellant did not consent to entry of the Agreed Final Judgment at the time it was entered; and,

(c) Appellee did not complete all prerequisites to entry of the Agreed Final Judgment; and

2. Whether the trial court erred by denying Appellant's Motion to Transfer Venue.

Appellant alleges entry of the Agreed Judgment violated the trial court's ministerial duty to enforce the Rule 11 Agreement regarding Appellant's deadline to answer and file a motion to transfer venue following remand. It claims the Rule 11 Agreement put the trial court and Appellee on notice that it revoked consent to entry of the Agreed Judgment. It further claims the Agreed

4

Judgment is void because its consent did not exist at the time the judgment was entered. Finally, it argues the trial court abused its discretion by denying Appellant's motion to transfer venue.

In response, Appellee states the Agreed Judgment was timely and properly entered because Appellant twice failed to make the required payments under the Settlement Agreement, Supplement, and Amendment. Appellee asserts that Appellant consented no less than three times to entry of the Agreed Judgment, and never provided any notice it withdrew that consent prior to the Agreed Judgment's entry. It further argues Appellant waived its right to appeal by signing the Supplement. Appellee also argues the Rule 11 Agreement cannot be a basis for reversal because Appellant never sought its enforcement by the trial court.

### *Waiver of Right to Appeal*

First, we address Appellee's contention that Appellant waived its right to appeal when it signed the Settlement Agreement and subsequent amendments thereto. Appellee alleges that Appellant's consent to the Agreed Judgment waives its right to complain on appeal regarding the Agreed Judgment's entry. In support, Appellee cites three instances where Appellant allegedly consented to waiving its right to appeal entry of the Agreed Judgment:

(1) Appellant's counsel's signature on the Agreed Judgment indicating Appellant 'agreed to [the judgment] in form and substance and entry requested.' [Original emphasis removed];

(2) Appellant's agreement to the language in the agreed judgment, stating 'Defendant CQuentia Series Holdings, LLC ("CQuentia") has received written notice of pursuant to the parties' agreement and has waived its right to receive any additional notice, right to appear and right to be heard[;]' and

(3) Appellant's signature on the Supplement, where it agreed to 'waive[] and release[] all errors in the entry of [the Agreed Judgment], all rights of appeal, all notice and opportunity for hearing prior to the entry of judgment.'

The first two instances involve language in, or Appellant's signature on, the Agreed Judgment, which requires this Court to analyze whether Appellant consented to entry of the Agreed

5

Judgment. Appellant disputes the existence of its consent at the time judgment was entered against it. However, the third instance involves the parties' agreement in the Supplement, which Appellant admits it signed and does not dispute its agreement thereto. Accordingly, we consider first whether Appellant contractually waived its right to appeal entry of the Agreed Judgment when it signed the Supplement. *See Emerson v. Emerson*, 559 S.W.3d 727, 733 (Tex.App.—Houston [14th Dist.] 2018, no pet.)(where appellee alleges appellant waived right to appeal, the reviewing court's "threshold task is to determine if the parties have an enforceable . . . agreement to waive the right to appeal.").

A litigant's right to appeal a judgment may be waived by agreement. *Estate of Crawford*, No. 14-17-00703-CV, 2017 WL 5196309, at *2 (Tex.App.—Houston [14th Dist.] Nov. 9, 2017, pet. denied)(mem. op.)(*citing Rodriguez v. Villarreal*, 314 S.W.3d 636, 645 (Tex.App.—Houston [14th Dist.] 2010, no pet.)); *see also Matter of Marriage of Long*, 946 S.W.2d 97, 99 (Tex.App.— Texarkana 1997, no pet.)(citing *Johnson v. Halley*, 27 S.W. 750, 751 (1894, writ ref'd)). Even when consent to an agreement is disputed, a written agreement in compliance with the Rule 11 binds the parties to its terms even without being filed among the court's papers, absent a written document seeking to withdraw the agreement. *Matter of Marriage of Long*, 946 S.W.2d at 99.

Here, Appellant does not dispute that it signed the Supplement, nor that it agreed to the terms of the Supplement. Likewise, Appellant did not file any document with the trial court indicating it withdrew its consent to the Supplement.

The pertinent language in the Supplement states,

> **CQuentia hereby agrees to the entry of the Agreed Final Judgment in the form attached hereto** . . . and shall provide the executed Agreed Final Judgment to Luminex on the Effective Date for safekeeping. **Luminex agrees not to file any document to perfect such Agreed Final Judgment until the earlier to occur of (i) CQuentia fails to timely make the Initial Payment or (ii) Luminex makes an election pursuant to paragraph 2c above.** If Luminex decides to enforce the

Agreed Final Judgment against CQuentia, rather than pursue its claims against the Debtor, Luminex agrees to provide written notice to Debtor's counsel prior to filing such Agreed Final Judgment with a court.

.          .          .

**CQUENT1A HEREBY FOREVER WAIVES AND RELEASES ALL ERRORS IN THE ENTRY OF SAID JUDGMENT, ALL RIGHTS OF APPEAL, ALL NOTICE AND OPPORTUNIIY FOR HEARING PRIOR TO THE ENTRY OF JUDGMENT** AND ALL RELIEF FROM ANY AND ALL APPRAISEMENT, STAY OR EXEMPTION LAWS OF ANY STATE NOW IN FORCE OR HEREAFTER ENACTED. [Emphasis added].

In its reply brief, Appellant argues it agreed only to waive its rights to appeal if "all contractual predicates to entry of the Agreed Final Judgment had occurred—namely, breach, venue, and mediation." However, the waiver provision does not contain any conditions precedent to its application in the case. It states only that Appellant "HEREBY FOREVER WAIVES AND RELEASES ALL ERRORS IN THE ENTRY OF [the Agreed Final] JUDGMENT, ALL RIGHTS OF APPEAL, [and] ALL NOTICE AND OPPORTUNITY FOR HEARING PRIOR TO THE ENTRY OF JUDGMENT[.]"

Appellant claims construing the waiver of appeal against it under the facts of this case would produce an "absurd result" because it would allow Appellee to obtain entry of the Agreed Judgment even if Appellant complied in full with its payment obligations under the Settlement Agreement, and offer Appellant no recourse through the courts of appeals.

We disagree with Appellant's interpretation. First, the Supplement expressly states Appellee's obligation to refrain from *perfecting* the Agreed Judgment until Appellant either (a) fails to make the initial payment, or (b) Appellee elects one of two courses of action available to it *after* Appellant fails to timely pay the full amount owed under the agreement. In other words, Appellant would already be in breach of the Settlement Agreement before Appellee would be entitled to perfect its judgment against Appellant. If Appellee attempted to perfect judgment when

7

no breach occurred and Appellant paid in accordance with the Settlement Agreement, Appellant would have recourse available against Appellee through a number of contract, tort, and/or equitable causes of action.[1] On the other hand, Appellant, by its own admission, twice previously failed to pay Appellee per the terms of their settlement agreement. We reasonably infer the agreement to enter judgment in favor of Appellee was deemed by Appellee to be a necessary additional security measure in case Appellant failed to make the agreed-to payments for a third time, which it did.

Secondly, no breach is required under the terms of the Settlement Agreement before Appellee is entitled to seek entry of the judgment against Appellant. By placing its signature on the Supplement, Appellant agreed to immediate entry of judgment against it, regardless of whether it ultimately paid the amount agreed. In that sense, Appellant is correct in stating that Appellee could seek entry of the Agreed Judgment even if Appellant complied with its payment obligations.[2] There exists a notable distinction between *entering* judgment in favor of Appellee, and *perfecting* judgment against Appellee. A judgment entered in the trial court but not abstracted in the county property records is worth little more than the paper it is printed on. A *perfected* judgment, however, can serve as a lien on the judgment-debtor's property, in addition to notifying other potential creditors of the judgment-debtor's existing obligation to the judgment creditor. *See* TEX.PROP.CODE ANN. § 52.001 (an abstract of judgment serves as a lien on and attaches to qualifying real property of the judgment defendant when recorded in the real property records of the county).

---

[1] The record before us does not indicate whether Appellee has made attempts to perfect judgment against Appellant, only that Appellee sought entry of the Agreed Judgment.

[2] Appellant also complains the Settlement Agreement mandated adherence to certain conditions precedent prior to entry of the Agreed Judgment, such as the mediation and venue provisions. However, the Supplement does not list any conditions which any party must satisfy prior to entry of the Agreed Judgment.

We express no opinion regarding whether Appellant consented to entry of the Agreed Judgment at the time it was actually entered because it does not change the unambiguous terms of the Supplement indicating Appellant's consent to waive any right to receive notice or to be heard prior to entry of the Agreed Judgment, or to appeal the entry after it occurred. For that reason, we must hold Appellant to its agreement. *See Matter of Marriage of Long*, 946 S.W.2d at 99 (a signed settlement binds the parties to its terms even if not filed in the papers of the court)(citing *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995)).

We find Appellant waived its right to appeal entry of the Agreed Judgment by agreement. Accordingly, Appellant's first issue is overruled.

Regarding Appellant's second issue, we hold the motion to transfer venue is not properly before this Court because it was not filed prior to entry of the Agreed Final Judgment and thus not considered nor ruled upon by the trial court. TEX.R.APP.P. 33.1. Appellant's second issue was not preserved, and is overruled. *Id.*

## CONCLUSION

Having overruled both of Appellant's issues, we affirm the judgment of the trial court.

April 16, 2021

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.