# Supreme Court of Texas

No. 24-1047

1 Coventry Court, LLC,

*Petitioner*,

v.

The Downs of Hillcrest Residential Association, Inc.,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

**PER CURIAM**

Opposing parties in litigation often agree to resolve their disputes in binding settlement agreements that relinquish all claims and waive any rights to appeal. Sometimes, one party later gets cold feet and tries to appeal anyway. In these situations, the appellate court will dismiss the appeal, consistent with the longstanding principle that "[t]he right to appellate review may be waived by agreement." *In re Marriage of Long*, 946 S.W.2d 97, 99 (Tex. App.—Texarkana 1997, no writ) (citing *Johnson v. Halley*, 27 S.W. 750, 751 (Tex. App. 1894, writ ref'd) (per curiam)); *see Seiter v. Marschall*, 147 S.W. 226, 227 (Tex. 1912).

But what if the appellant claims that the putative waiver of appellate rights is invalid? We have frequently remarked that when presented with this situation, a court of appeals should not summarily dismiss the appeal but should instead "ascertain the facts . . . in order to determine whether its jurisdiction of the appeal to the extent of the entire cause of action was terminated." *Seiter*, 147 S.W. at 227; *see, e.g.*, *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) ("[A]ll courts bear the affirmative obligation 'to ascertain that subject matter jurisdiction exists regardless of whether the parties have questioned it.'" (quoting *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 306 (Tex. 2010))). That directive comports with our longstanding recognition that courts have inherent jurisdiction to assess their jurisdiction. *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979); *Smirl v. Globe Labs.*, 188 S.W.2d 676, 677-78 (Tex. 1945).

In the case now before us, the court of appeals failed to heed those principles. It dismissed this appeal despite the appellant's insistence that it never validly agreed to waive appellate rights, and that the trial court's putative consent judgment is void because it was rendered without consent. We therefore reverse the decision below and remand to the court of appeals to consider the merits of this appeal in the first instance.

## I

Petitioner 1 Coventry Court, LLC, is a business entity that owns real property subject to a homeowner's association, Respondent The Downs of Hillcrest Residential Association, Inc. Several years ago,

2

Coventry and the Association found themselves in a dispute related to a fence, and this litigation ensued.

In April 2022, the day trial was set to begin, the parties executed a written document, which the Association labels a binding settlement agreement, but Coventry insists is merely a nonbinding "agreement to agree." Partly a printed email and partly handwritten, the document was signed by both parties (and a third party not relevant here). The document included a provision stating that the parties would "execute a full and final settlement agreement and release of all claims and defenses asserted in the lawsuit."

The next month, the Association informed the trial court that "the parties [had] reached a settlement agreement" and were "working on finalizing a formal agreement to be executed between the parties." It requested that the court "retain this case on the Court's docket until such time as the formal settlement agreement is fully executed and formal dismissal documents are filed with the Court." That same day, the Association sent Coventry a draft settlement agreement that the Association claimed "mirror[ed] the terms" of the April agreement. But Coventry refused to sign. According to the Association, Coventry "attempt[ed] to reassert previously rejected terms and add terms to the agreement that were outside the scope of the issues to be resolved in the executed [April agreement]." Coventry countered that the Association's proposed agreement lacked certain material terms and contained "at least five (5) differences and/or inconsistencies" from its own proposed agreement.

The next month, in June 2022, the trial court held a hearing regarding dismissal of the case for want of prosecution. When asked about the parties' settlement status, Coventry's attorney stated: "My understanding is that the parties reached a tentative Settlement Agreement pending the results of a survey to be performed." Coventry requested thirty days "to nail down the settlement agreements, have the survey completed, and have the matter concluded." The Association agreed that thirty days was "an appropriate request" but argued that "[t]he parties all signed what [the Association] believe[s] is a fully enforceable Settlement Agreement at the courthouse" in April. The court requested that the parties file a copy of the April agreement appended to a proposed final judgment for the court to review and determine whether the April agreement was an enforceable settlement agreement.

In response to the trial court's request, the Association filed a proposed judgment that attached and incorporated the April agreement. The proposed judgment included an order that "[t]he parties execute a full and final settlement agreement and release of all claims and defenses asserted in the lawsuit." The Association simultaneously moved to render final judgment or, alternatively, to enforce the April agreement by court order. Coventry objected, again asking the trial court for thirty days to "work out the final settlement" so the court could thereafter dismiss the suit as moot.

The trial court ultimately signed the Association's proposed judgment, requiring the parties to "execute a full and final settlement agreement and release of all claims and defenses asserted in the

4

lawsuit." Coventry moved for a new trial or, alternatively, to correct, modify, or reform the judgment, arguing that the parties still had not come to agreement on certain proposed settlement terms. The motion was overruled by operation of law.

Both parties then proposed final settlement agreements, which differed from each other in several respects. Each side refused to sign the other's proposed settlement agreement. Two weeks after final judgment, and still without a signed agreement, the Association moved to hold Coventry in contempt, claiming that Coventry's refusal to sign the Association's version of the settlement agreement disobeyed the trial court's judgment. After a show-cause hearing, the trial court held Coventry in contempt, fined it $15,000, and ordered it to—among other things—sign the Association's drafted settlement agreement within five days. The trial court ordered Coventry's managers to appear and show cause as to why they "should not be incarcerated for civil and criminal contempt of Court" for their disobedience of the court's judgment and its requirement to sign a settlement agreement.

Rather than risk those consequences, Coventry's managers signed the Association's settlement agreement in October 2022. Coventry then timely sought appellate review.[1] But rather than consider the merits, the court of appeals dismissed Coventry's appeal, holding that Coventry relinquished its right to appeal by executing the final settlement agreement. ___ S.W.3d ___, 2024 WL 3948323, at *1

---

[1] Coventry sought mandamus relief as well, which the court of appeals denied for reasons not relevant here. *See In re 1 Coventry Ct., LLC*, No. 05-23-00456-CV, 2024 WL 2314500, at *1 (Tex. App.—Dallas May 22, 2024, orig. proceeding).

5

(Tex. App.—Dallas Aug. 27, 2024). Relevant here, the court of appeals reasoned that the October settlement agreement was enforceable because it satisfied the requirements of a Rule 11 agreement. *Id.* at *3; *see* TEX. R. CIV. P. 11; *see also* TEX. CIV. PRAC. & REM. CODE § 154.071(a) ("If the parties reach a settlement and execute a written agreement disposing of the dispute, the agreement is enforceable in the same manner as any other written contract."). Disregarding Coventry's insistence that no valid agreement was ever formed, the court concluded, "we hold Coventry to its agreement and dismiss this appeal." 2024 WL 3948323, at *4.

Coventry then filed petitions for review and for mandamus relief in this Court.

## II

Under these circumstances, the court of appeals erred by accepting the settlement agreement at face value and treating its appellate waiver as conclusive. As we have long recognized, appellate courts have not only the inherent power to ascertain their own jurisdiction, *Smirl*, 188 S.W.2d at 677-78, but also the "obligation" to do so, *Rhule*, 417 S.W.3d at 442. So when a party challenges jurisdiction, the court should, when necessary, "review the entire record to ascertain if any evidence supports" jurisdiction. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 853 (Tex. 2000) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). In the context presented here, as another court of appeals has aptly explained, the "threshold task is to determine if the parties have an enforceable Rule 11

6

agreement to waive the right to appeal." *Emerson v. Emerson*, 559 S.W.3d 727, 734 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

Here, Coventry plainly contested the validity of the settlement agreement that purported to waive its appellate rights. *See Miga v. Jensen*, 299 S.W.3d 98, 104 (Tex. 2009) (determining that a party did not waive its right to appeal by complying with the judgment under "the judgment's coercive effect"). In the trial court, Coventry objected to the proposed final judgment on the ground that the parties had not executed a final settlement agreement and moved for a new trial on the ground that "the parties did not reach final agreement on . . . all . . . material terms." And before the court of appeals, Coventry raised the same complaints. It argued that the parties had no enforceable agreement that included all material terms, and that "[b]y granting a final judgment, the trial court impliedly and incorrectly found an enforceable contract existed." *See Kennedy v. Hyde*, 682 S.W.2d 525, 528 (Tex. 1984) ("[N]otwithstanding a valid Rule 11 agreement, consent must exist at the time an agreed judgment is rendered."); *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983) ("When a trial court has knowledge that one of the parties to a suit does not consent to a judgment, the trial court should refuse to sanction the agreement by making it the judgment of the court." (citing *Burnaman v. Heaton*, 240 S.W.2d 288, 291 (Tex. 1951))). That was enough to alert the court of appeals that a more searching inquiry was required. *See, e.g.*, *In re Est. of Spiller*, No. 04-18-00522-CV, 2019 WL 2360100, at *2 (Tex. App.—San Antonio June 5, 2019, pet. denied) (addressing appellant's argument that the settlement agreement containing a waiver provision

7

was not enforceable before dismissing the appeal for waiver); *Emerson*, 559 S.W.3d at 734 (reviewing the record to determine whether appellant waived her appellate rights when she argued she did not consent to such a waiver).

We hold today that the court of appeals erred in refusing to consider Coventry's challenge to the settlement agreement's validity by concluding that the very same settlement agreement foreclosed its consideration of that question. To be clear, we do not decide today the merits of Coventry's appeal—whether the trial court's judgment is void, whether Coventry was coerced to sign a deal it rejected, whether the April 2022 document constitutes an enforceable settlement agreement, or whether the parties executed a valid Rule 11 agreement. As we are a court of review, not of first view, we leave it to the lower court to consider these questions in the first instance.

**III**

Pursuant to Texas Rule of Appellate Procedure 59.1, without hearing oral argument, we grant the petition for review and reverse the court of appeals' judgment dismissing Coventry's appeal. We remand the cause to the court of appeals for further proceedings consistent with this opinion. *See Quintero*, 654 S.W.2d at 444 ("[O]ur reversal of the judgment of dismissal is without prejudice to the rights of the [defendant] in its attempt to plead and prove an enforceable settlement agreement under the release."); *Burnaman*, 240 S.W.2d at 292 (reversing a consent judgment "without prejudice to the right of defendants to plead the agreement in bar of plaintiff's suit").

8

**OPINION DELIVERED:** January 9, 2026